IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIAM SELTZER, JR.,   )
#92195,        )
           )
  Petitioner,    )
           )
v.          )  CIVIL ACTION NO. 08-00706-KD-N
           )
SAM COCHRAN,    )
           )
  Respondent.    )

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which has been referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8 of the Rules Governing Section 2254 Cases.  Upon careful consideration, it is recommended that this action be dismissed without prejudice to allow Petitioner the opportunity to exhaust his state remedies.

I. Background

 Petitioner, William Seltzer, Jr. ("Seltzer"), filed his petition (Doc. 1) on December 9, 2008 and therein claimed that he pled not guilty but was convicted by a judge of "theft 3rd Probation Revoked"on August 26, 2008.  Respondent has submitted records, however, which indicate that Seltzer entered a guilty plea to the third degree theft of property on March 26, 2008, at which time he was sentenced to one year confinement but the sentence was suspended and he was placed on two years probation.  (Doc. 7-2 at p. 6).  - The record further indicates that Seltzer's probation was revoked on September 2, 2008,

based on charges that he had been found in receipt of stolen property.  (Doc. 7 at 2)

Despite the above discrepancies, Seltzer is clearly attacking his March 26, 2008 guilty plea to charges of third degree theft of property and the subsequent probation revocation on the following grounds: (1) he was arrested in violation of his 8th Amendment rights; (2) his court appointed attorney was ineffective in failing to argue that his probation was revoked in violation of his constitutional rights (14th and 8th Amendments); and (3) he was denied the right to appeal.  (Doc. 1).

Respondent asserts that, although Seltzer can no longer attack his conviction and sentence on direct review, he may collaterally attack his misdemeanor conviction, sentence and revocation through a Rule 32 proceeding.   (Doc. 7 at 5) *citing* Scott v. State. 952 So.2d 950, 952, 954 (Ala. Crim. App. 2005)(discussing a petitioner's right to appeal a district court's ruling on a Rule 32 petition and the nature of the Circuit court's review on such an appeal).  *See also* Rules 32.1 and 32.2 of the Alabama Rules of Criminal Procedure.

On July 15, 2009 the court entered an order directing the petitioner to show cause why his petition should not be dismissed for failure to exhaust his state court remedies. (Doc. 10)  Petitioner has neither responded to the Order nor has he requested an extension of time within which to do so. Consequently, Seltzer does not dispute the fact that state court remedies are available to him which preclude his § 2254 petition and the Court must accept Respondent's assertion that Seltzer  has remedies available in the State courts in

the form of a State Rule 32 petition.[1]  The Court finds that Petitioner has failed to exhaust

his state remedies with regard to the claims in his petition.

II.    Discussion

It is well settled that a state prisoner must exhaust his state remedies prior to

challenging his conviction in a habeas petition filed in federal court.  *See* 28 U.S.C. §§

2254(b)(1) and (c); Woodford v. Ngo, 548 U.S. 81, 92 (2006).[2]  Section 2254(b)(1)

specifically provides that "[a]n application for a writ of habeas corpus on behalf of a

person in custody pursuant to a judgment of a State court shall not be granted unless it

appears that – (A) the applicant has exhausted the remedies available in the courts of the

State."  Section 2254(c) provides that "[a]n applicant shall not be deemed to have

exhausted the remedies available in the courts of the State, within the meaning of this

section, if he has the right under the law of the State to raise, by any available procedure,

the question presented."  The Supreme Court has made clear that the rationale of the

exhaustion requirement centers on the proper relationship between state and federal

courts:

> "This rule of comity reduces friction between the state and federal
> court systems by avoiding the 'unseem[liness]' of a federal district
> court's overturning a state-court conviction without the state courts
> having had an opportunity to correct the constitutional violation in
> the first instance." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119

---

[1]  The show cause order warned Petitioner that the "failure to respond [within the
time authorized in the order] shall be deemed as an admission that the factual allegations
contained within the respondent's answer are true."  (Doc. 10 at 3)

[2]  A habeas claim is deemed to be exhausted when "it is fair to assume that further
state proceedings would be useless." Castille v. Peoples, 489 U.S. 346, 351, 109 S.Ct.
1056, 1060, 103 L.Ed.2d 380 (1989).

> S.Ct. 1728, 144 L.Ed.2d 1 (1999) (alteration in original). A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one "complete round of the State's established appellate review process." *Ibid*. In practical terms, the law of habeas, like administrative law, requires proper exhaustion, and we have described this feature of habeas law as follows: "To ... 'protect the integrity' of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has ***properly*** exhausted those remedies ...." *Id.*, at 848, 119 S.Ct. 1728 (citation omitted; emphasis in original).

Woodford, 548 U.S. at 92.  *See also*  Reedman v. Thomas, 305 Fed. Appx. 544, 545 (11th Cir.2008) ("[T]he petitioner must present fairly every issued raised in his federal petition to the state's highest court, either on direct appeal or on collateral review.").

A petitioner's failure to exhaust his state remedies results in the "preclusion of review in the federal court." 548 U.S. at 92.  *See also* Banks v. Dretke, 540 U.S. 668, 690 (2004)("To pursue habeas corpus relief in federal court, Banks first had to exhaust 'the remedies available in the courts of the State'."), *quoting*  Rose v. Lundy, 455 U.S. 509, 520 (1982); Doorbal v. Department of Corrections, 572 F.3d 1222, 1229 (11th Cir. 2009)("A state prisoner may not seek federal habeas review unless he has 'exhausted the remedies available in the courts of the State'[because he] must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition'."), *quoting* Cone v. Bell, – U.S. –, 129 S.Ct. 1769, 1781 (2009) and O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Pearson v. Secretary, Dept. of Corrections, 273 Fed.Appx. 847, 849-50 (2008)("The exhaustion doctrine requires the petitioner to 'fairly present' his federal claims to the state courts in a manner to alert them that the ruling under review violated a federal constitutional right."), *quoting* Duncan v.

4

<u>Henry</u>, 513 U.S. 364, 365-66 (1995).

As applied to this case, Seltzer's § 2254 petition should be dismissed for failure to exhaust his state remedies.  Specifically, the record before the Court reflects that Petitioner may collaterally attack his misdemeanor convictions, sentence and revocation through a Rule 32 proceeding.

III.    <u>Conclusion</u>

The undersigned recommends that this action be dismissed without prejudice because Seltzer has failed to exhaust his available state remedies.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**Done** this 28th day of August, 2009.

_____
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL
RIGHTS AND RESPONSIBILITIES FOLLOWING
RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  <u>Failure to do so will bar a de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc)</u>.  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

2.

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recomm<u>endation should be reviewed de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

3.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**Done** this 28th day of August, 2009.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE